# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br> vs.<br>OTONIEL GARCIA-VILLA,<br><br>          Defendant. | CASE NO. 14CR1481WQH<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss Count Two of the Indictment and to compel discovery (ECF No. 13) filed by Defendant Ontoniel Garcia-Villa.

## BACKGROUND FACTS

On May 6, 2002, Defendant was ordered removed to Mexico.[1] Defendant was formally removed again on October 30, 2006; November 4, 2006; and June 13, 2013. Immigration records show that between 2002 and 2014, Defendant was apprehended in the United States on approximately 21 occasions and returned to Mexico.

On June 2, 2003, Defendant was sentenced to 18 months in custody for transportation of illegal aliens in violation of 8 U.S.C. § 1324 in the United States District Court for the Southern District of California.

On August 6, 2007, Defendant was sentenced to 24 months in custody for transportation of illegal aliens in violation of 8 U.S.C. § 1324 in the United States

---

[1] The Government will not rely upon the 2002 order of removal for the current charge under 8 U.S.C. § 1326.

District Court for the Southern District of California.

On June 7, 2013, Defendant was arrested and charged with a violation of 8 U.S.C. § 1326 in the United States District Court for the Southern District of California. On January 9, 2014, Defendant pled guilty to a Superseding Information charging him with misdemeanor illegal entry in violation of 8 U.S.C. § 1325. Defendant received a sentence of 6 months in custody. Following his custodial sentence, Defendant was placed in expedited removal proceedings under 8 U.S.C. § 1225.

On January 15, 2014, Immigration Enforcement Agent Henry Jurgilewicz Jr. conducted the expedited removal proceedings. Agent Jurgilewicz testified that he conducts expedited removal proceedings as a part of his employment as an Immigration Enforcement Agent with the Department of Homeland Security.[2] The agent testified that he performs expedited removal proceeding on a daily basis and that the individuals subject to the proceedings are often incarcerated at the Metropolitan Correctional Center or other custodial facilities. The agent testified that he did not have specific recollection of Defendant's proceeding on January 15, 2014 but identified the documents that he prepared during the expedited proceeding. The agent testified that his practice and procedure is to ask each individual subject to removal at the beginning of the proceeding what language the individual prefers. The agent testified that he calls Certified Language International and put an interpreter on speaker phone during the proceeding when the individual indicates that he or she wants to proceed in the Spanish language or the he feels that the individual does not understand the proceedings.

The agent testified that a Spanish language interpreter was employed at the Defendant's expedited hearing on January 15, 2014 pursuant to his practice and procedure. The agent testified that he documented the use of a Spanish language interpreter in the records of Defendant's expedited hearing. Specifically, the agent testified that the I-831 report indicates that "all questions were asked in Spanish through Interpreter SPRF with Certified Languages international" (ECF No. 17-5 at 3) and that

---

[2] The Court held an evidentiary hearing on September 4, 2014.

the I-867A indicates that the interview was in the Spanish language with interpreter "SPRF" employed by "CLI"  (ECF No. 17-5 at 5-7).

Certified Language International provides interpreter services for immigration proceedings, and "SPRF" refers to the particular interpreter who provided telephonic Spanish language translation during the expedited removal proceedings. Billing records from Certified Language International show that a Spanish language interpreter translated for Agent Jurgilewicz on January 15, 2014 at 9:52 a.m. for 19 minutes. (ECF No. 17-6 at 3).

The Record of Sworn Statement in Proceedings I-867A indicates that the Agent Jurgilewicz took a sworn statement from Defendant in the Spanish language with interpreter "SPRF" employed by "CLI" on January 15, 2014. (ECF No. 17-5 at 5-7). In the sworn statement, Defendant stated that he was a Mexican citizen with no legal documents allowing him to enter into the United States. (ECF No. 17-5 at 6). Agent Jurgilewicz signed a Determination of Inadmissibility I-860 finding that Defendant was inadmissible and subject to removal. (ECF No. 17-5 at 8). An Immigration Officer and a supervisor issued an Order of Removal under the expedited removal statute, 8 U.S.C. §1225. The Order of Removal was served on Defendant and he was removed on January 15, 2014. (ECF No. 17-5 at 8,10).

On April 1, 2014, Defendant was apprehended by a border patrol agent approximately twelve miles east of the Otay Mesa Port of Entry and six miles north of the international border. Defendant stated that he was a citizen of Mexico with no documents allowing him to enter the United States.

On May 20, 2014, the grand jury returned an indictment charging in Count One that Defendant unlawfully entered the United States in violation of 8 U.S.C. § 1325 and in Count Two that Defendant is an alien, found in the United States who previously had been removed in violation of 8 U.S.C. § 1326 (a) and (b).

## CONTENTIONS OF THE PARTIES

Defendant contends that Count Two of the Indictment must be dismissed

pursuant to 8 U.S.C. § 1326(d) on the grounds that his January 15, 2014 expedited removal order was fundamentally unfair. Defendant asserts that his due process rights were violated when he was not given the opportunity to consult with counsel at the expedited removal proceeding. Defendant asserts that his due process rights were violated when agents failed to tell him the allegations against him in the Spanish language, and failed to read the sworn statement to him in the Spanish language before he signed the forms. Defendant further asserts that his due process rights were violated because immigration officials failed to inform him that he could seek to withdraw his application for admission.

The Government contends that the expedited removal statute does not provide a right to counsel or require officials to advise aliens of a right to counsel. The Government asserts that the record establishes that Agent Jurgilewicz utilized an interpreter to review the information forming the basis for Defendant's expedited removal. Finally, the Government asserts that due process did not require immigration officials to advise Defendant that he could seek to withdraw his application for admission, and that Defendant had no plausible claim to withdraw his application for admission.

## APPLICABLE LAW

A predicate removal order is a necessary element of a § 1326 prosecution. The Court must conduct "*some* meaningful review" in this case where this administrative action plays "a critical role in the subsequent imposition of a criminal sanction." *United States v. Mendoza-Lopez*, 481 U.S. 828, 837, 107 S.Ct. 2148 (1987). *See United States v. Barajos-Alvarado*, 655 F.3d 1077, 1087-88 (9th Cir. 2011) ("Because per *Mendoza-Lopez*, Barajas-Alvarado is entitled to '*some* meaningful review' of the proceedings resulting in the expedited removal orders if they are to be used as an element in a § 1326 prosecution and he claims they are fundamentally unfair, meaning that the procedural errors he identifies deprived him of due process, and he suffered prejudice as a result.").

Under 8 U.S.C. § 1326(d), an alien criminal defendant may not challenge the validity of a removal order "unless the alien demonstrates that – (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of a removal order is fundamentally unfair for the purposes of § 1326(d)(3) only if the removal proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010).

## RULING OF THE COURT

<u>Due Process Violations</u>

In *United States v. Barajos-Alvarado*, 655 F.3d 1077 (9th Cir. 2011), the Court of Appeals concluded:

> Barajas–Alvarado's claim that he was denied his right to counsel, is meritless on its face. Barajas–Alvarado himself identifies no legal basis for his claim that non-admitted aliens who have not entered the United States have a right to representation, and we are aware of no applicable statute or regulation indicating that such aliens have any such right. The cases cited by Barajas–Alvarado involve aliens in the more formal removal proceedings, where the regulations provide a right of counsel, as compared to expedited removal proceedings, where they do not. *Cf.* 8 C.F.R. § 287.3 (stating that " [e]xcept in the case of an alien subject to ... expedited removal ..., an alien arrested without warrant and placed in formal proceedings ... will be advised of the reasons for his or her arrest and the right to be represented at no expense to the Government" (emphasis added)). Because non-admitted aliens are entitled only to whatever process Congress provides, (citation omitted) Barajas–Alvarado's lack of representation in the removal proceeding did not constitute a procedural error at all, let alone a due process violation.

*Id.* at 1088. In this case, Defendant contends that *Barajas-Alvarado* does not apply to his right to consult with counsel because "non-admitted aliens" are outside the protections of the Fifth Amendment protections. Defendant contends that he was arrested inside the United States and that he is subject to the full protections of the due process clause including the right to consult with counsel prior to his expedited removal. The Government asserts that there was no procedural error or failure to comply with agency regulation which would give rise to a due process violation in this

case.

In *Biwot v. Gonzales*, 403 F.3d 1094 (9th Cir. 2005), the Court of Appeals explained that "[t]he right to counsel in immigration proceedings is rooted in the Due Process Clause and codified at 8 U.S.C. § 1362 and 8 U.S.C. § 1229a(b)(4)(A)." *Id*. at 1098. Biwot came to the United States on a non-immigrant student visa and was charged in the immigration proceedings with failure to maintain his student status. The Court of Appeals found that the applicable regulations provided that "[t]he alien may be represented in proceedings before the [Immigration Judge] by an attorney or other representative of his or her choice." *Id*. The Court of Appeals concluded that Biwot "was denied his statutory right to counsel" when the Immigration Judge allowed Biwot only five working days to obtain counsel. *Id*. at 1096. The Court of Appeals noted that Biwot was incarcerated and diligently seeking representation and concluded that the Immigration Judge abused his discretion by denying Biwot a continuance of his immigration hearing, "tantamount to a denial of counsel." *Id*. at 1100.

As in *Barajos-Alvarado* and in contrast to *Biwot*, Defendant in this case has identified no legal basis for his claim that he had a right to counsel in the expedited removal proceedings. No statutory or regulatory provision of the expedited removal proceedings provides a right to consult with counsel. Defendant Garcia was a non-admitted alien at the time of his expedited removal proceedings and "non-admitted aliens are entitled only to whatever process Congress provides." *Barajos-Alvarado*, 655 F.3d at 1088. The Court concludes that Defendant's due process rights were not violated in the expedited removal proceedings because Defendant was not informed of a right to consult with counsel.

Expedited removals apply under limited factual circumstances set forth in 8 U.S.C. § 1225. In this case, Defendant Garcia was charged with failure to possess valid entry documents pursuant to 8 U.S.C. §1182(a)(7). The documents in the record show that Defendant was interviewed by Immigration Agent Jurgilewicz on January 15, 2014. The record establishes that agent informed Defendant that "[y]ou do not appear to be

- 6 -

14CR1481WQH

admissible or to have the required legal papers authorizing your admission to the United States.  This may result in your being denied admission and immediately returned to your home country without a hearing." (ECF No. 17-5 at 5).  Defendant told the agent that he is a citizen of Mexico; that he came into the United States without inspection "at or near the Andrade California Port of Entry / Mexico International Boundary fence." *Id*. at 6.  Defendant stated that he purposefully attempted to elude inspection, that he knew it was illegal to attempt to enter the United States without inspection, and that has never had legal entry documents to enter the United States.  The agent prepared an I-860 stating that Defendant has been determined inadmissible to the United States under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act and subject to removal.  The Order of Removal found that Defendant was inadmissible as charged.

The expedited removal documents establish that all the steps in the expedited removal proceedings were completed.  The facts in the record show that a Spanish language interpreter was used by the agent.  The agent credibly testified that it was his practice and procedure to inquire about language at the beginning of the proceedings and to obtain the services of an interpreter on speaker phone through Certified Language International.  The records of the proceedings and the interpreter billing records conclusively show that the agent followed his practice and procedure.  There is no evidence in this record to the contrary.  There are no facts in the record to support the Defendant's claim that his due process rights were violated.

<u>Withdrawal of the application for admission</u>

"[T]he Supreme Court has ruled that when Congress enacts a procedure, aliens are entitled to it." *Barajas-Alvarado*, 655 F.3d at 1084.  Neither the expedited removal statute, nor the regulations, require that an immigration officer advise the alien of his opportunity to request withdrawal of his application for admission, subject to the Attorney General's discretion. 8 U.S.C. § 1225(b)(1)(A)(I); 8 C.F.R. § 235.3 (procedures for expedited removal).  Defendant was not denied due process by the immigration officer's failure to inform him that he had the right to withdraw the

application for admission "in the discretion of the Attorney General." 8 U.S.C. § 1225(a)(4).

Even assuming a due process violation, Defendant is required to make a plausible "showing that the facts presented would cause the Attorney General to exercise discretion in his favor." *Barajas-Alvarado*, 655 F.3d at 1089. "An alien applying for admission may, in the discretion of the Attorney General and at any time, be permitted to withdraw the application for admission and depart immediately from the United States." 8 U.S.C. § 1225(a)(4). In *Barajas-Alvarado*, 655 F.3d at 1090, the Court of Appeals explained that "[t]he Field Manual sets forth six factors that the immigration officer should consider in evaluating an alien's request for permission to withdraw, namely: (1) the seriousness of the immigration violation; (2) previous findings of inadmissibility against the alien; (3) intent on the part of the alien to violate the law; (4) ability to easily overcome the ground of inadmissibility; (5) age or poor health of the alien; and (6) other humanitarian or public interest considerations." *Id.* at 1090.

At the time of the expedited removal proceedings, Defendant had just completed a custodial term for an illegal entry conviction. Defendant's June 2013 illegal reentry followed two felony alien smuggling convictions. Defendant had been found inadmissible by immigration officials on multiple occasions and repeatedly removed from the United States. Defendant told the agent conducting the expedited removal proceedings that he had entered the United States by eluding inspection without legal entry documents. The Court concludes Defendant has shown no plausible grounds for relief in the form of withdrawal of his application for admission.

Motion to compel

Defendant moves the Court to "order the government to produce all discovery in its possession or control that demonstrates that individuals with criminal and immigration histories are granted permission to withdraw their applications for admission." (ECF No. 13-1 at 27). Defendant contends that this information "certainly makes it more plausible that Mr. Garcia could have been granted permission to

1 withdraw his application for admission." *Id.* The Government contends these discovery
2 requests exceed the bounds of Rule 16 discovery, and that the requested discovery is
3 overbroad and burdensome with no logical nexus to the facts of this case.

4       The discretionary decision to allow the withdrawal of application for admission
5 is a fact-intensive inquiry that focuses on the individual circumstances of a particular
6 defendant. *See Barajas-Alvarado*, 655 F.3d at 1089. The request for "all discovery in
7 [the government's] possession or control that demonstrates that individuals with
8 criminal and immigration histories are granted permission to withdraw their
9 applications for admission" (ECF No. 13-1 at 27) is vague, overbroad, and not aimed
10 at information discoverable under Rule 16 of the Federal Rules of Criminal Procedure.

11       IT IS HEREBY ORDERED that the motion to dismiss Count two of the
12 Indictment and to compel discovery (ECF No. 13) is denied.

13 DATED:  September 30, 2014

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge